**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SATNAM SINGH, | No. 06-72050 |
| Petitioner, | Agency No. 75-309-978 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 14, 2010
San Francisco, California

Before: HUG and M. SMITH, Circuit Judges, and HOGAN, District Judge.**

Petitioner Satnam Singh, a native and citizen of India seeks review of a

Board of Immigration Appeals ("BIA") decision dismissing his appeal of the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Thomas F. Hogan, Senior United States District Judge for the District of Columbia, sitting by designation.

Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition. As the facts and procedural history are familiar to the parties, we recite them here only as necessary to explain our decision.

We reject Singh's contention that the IJ violated his due process rights by admitting the asylum officer's notes in the officer's absence. On appeal, Singh argues that "[i]t was fundamentally unfair for the IJ to admit these confusing and ultimately dispositive documents despite Petitioner's lack of opportunity to cross-examine the officer who prepared them." We disagree. In an immigration proceeding, "[t]he sole test for admission of evidence is whether the evidence is probative and its admission is fundamentally fair." *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995). The IJ's use of the notes for impeachment purposes did not prevent Singh from reasonably presenting his case, as Singh had an opportunity to explain inconsistencies between his testimony and the notes. Further, we conclude that even if cross-examination of the officer might have reduced the probative value of the notes, Singh was not prejudiced, as the IJ's adverse credibility finding is supported on other grounds. *See id.* at 310-11. Moreover, Singh provides no reason to doubt that the IJ took the officer's unavailability into consideration.

2

Substantial evidence supports the IJ's adverse credibility determination. Singh's testimony about the circumstances surrounding his arrests in 1989, 1990, and 1996, the arrests of his son, and the level of his political involvement lacked consistency and specificity. *See Singh-Kaur v. INS*, 183 F.3d 1147, 1152-53 (9th Cir. 1999); *see also Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir. 2003) ("So long as one of the identified grounds is supported by substantial evidence and goes to the heart of [the petitioner's] claim of persecution, we are bound to accept the IJ's adverse credibility finding."). Notably, even if we set aside the asylum officer's notes and Singh's prior interview testimony, the IJ identified a significant inconsistency between Singh's declaration and his testimony regarding whether his son was arrested in 1990.[1] The record shows that Singh had ample opportunity to explain the apparent discrepancies, and we find no error in the IJ's consideration of them nor in the IJ's conclusion that Singh's explanations were "implausible."

---

[1] Singh attacks findings of inconsistency between his sworn declaration and his subsequent testimony, contending that "it was unreasonable for the IJ to fault Petitioner for the hyperbole contained in his written declaration, which was prepared by an immigration consultant." We disagree. The IJ invited Singh to make changes to his application or declaration before certifying its veracity. Singh reviewed it with counsel and made only one change, adding one item to his statement, and signed it.

Singh also argues the IJ erred by improperly considering the absence of corroborative evidence in support of his requests for relief. Because the IJ had valid reasons for questioning Singh's credibility, the IJ could properly consider Singh's failure to produce corroborating evidence. *See Unuakhaulu v. Gonzales*, 416 F.3d 931, 938 (9th Cir. 2005). The IJ properly noted that Singh offered no corroborating evidence, such that the credibility of Singh's testimony "is extremely important in this case." Singh fails to show any indication that the IJ improperly considered the availability of corroborating evidence. *Cf. Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003); *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001).

In the absence of credible testimony, Singh failed to demonstrate eligibility for asylum. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Because Singh failed to meet the lower burden of proof for asylum, he necessarily failed to establish eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, Singh failed to establish that it is more likely than not that he would be tortured if removed to India, as his testimony lacks credibility and the record lacks sufficient evidence of a likelihood of torture. Therefore, substantial evidence supports the BIA's denial of CAT relief. *See Wakkary v. Holder*, 558 F.3d 1049,

4

1067-68 (9th Cir. 2009); *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001).

**PETITION DENIED.**